NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re ZOHO CORP. PVT., LTD.,**
*Petitioner*

---

2026-141

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:25-cv-00414-JRG-RSP, Judge J. Rodney Gilstrap.

---

**ON PETITION**

---

Before PROST, MAYER, and CUNNINGHAM, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

### O R D E R

Zoho Corp. Pvt., Ltd. petitions for a writ of mandamus directing the United States District Court for the Eastern District of Texas (EDTX) to vacate its order denying transfer and to transfer the case to the United States District Court for the Western District of Texas (WDTX). Knossos Global Systems LLC opposes. We deny the petition.

In April 2025, Knossos brought this suit in EDTX against Zoho, an Indian company, alleging its email software solution, Zoho Mail, infringes Knossos's patents. It is undisputed that India is where Zoho Mail was developed

and where the source code and relevant technical documents are stored electronically.

In August 2025, Zoho moved to transfer the case to WDTX under 28 U.S.C. § 1404(a), noting both Knossos and Zoho's non-party U.S. affiliates (collectively, "Zoho U.S.") maintain offices in WDTX and arguing that EDTX is where "marketing, sales, and financial operations related to Zoho Mail in the United States" took place. App'x 111. In March 2026, the magistrate judge denied the motion, concluding no private- or public-interest factor favored transfer and that the practical problems factor slightly disfavored transfer.[1] In particular, the magistrate judge determined that the bulk of the relevant evidence and the willing witnesses are located in India, which is "equally inconvenient" to WDTX and EDTX and "little relevant evidence stems" from Zoho U.S.'s documents in WDTX. App'x 5–6. Zoho did not object to the magistrate judge's decision, and this petition followed.

Applying regional circuit law, we review a § 1404(a) decision on mandamus only for a "'clear' abuse of discretion such that refusing transfer produced a 'patently erroneous

---

[1]    As the Fifth Circuit explained in *In re Volkswagen AG*, the private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." 371 F.3d 201, 203 (5th Cir. 2004) (citation omitted). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

result.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (noting that this court applies "the laws of the regional circuit in which the district court sits" when reviewing a petition for a writ of mandamus of a transfer decision); *see In re Volkswagen of Am., Inc.*, 545 F.3d 304, 310 (5th Cir. 2008) (in reviewing a petition for a writ of mandamus of a transfer decision, "we only will grant mandamus relief when . . . errors produce a patently erroneous result"). We cannot say such a result occurred here. The magistrate judge found that judicial economy considerations slightly favored EDTX given overlap with co-pending litigation in the same district involving the same asserted patent. App'x 6. To be sure, such considerations here could not override a clear imbalance on the other transfer factors; however, the inventors, party witnesses, and bulk of the evidence concerning the development of the accused product are all located outside WDTX.[2]

Zoho's arguments, premised largely on Zoho U.S.'s presence in WDTX, have not established entitlement to mandamus relief. Zoho's contention that the magistrate judge erred in weighing the compulsory process factor as neutral is undermined by its own transfer motion which urged the same conclusion. *See* App'x 6, 112. Zoho also argues the magistrate judge's transfer analysis overlooked two potential witnesses residing in WDTX.[3] But Zoho first identified these individuals in its reply in support of its

---

[2]    While Knossos has an office in WDTX, its identified employee witnesses reside outside both districts. Moreover, the evidence and one potential Zoho U.S. employee witness identified in the transfer motion in WDTX appear to relate only to sales and marketing information.

[3]    These witnesses include a Zoho U.S. employee "with knowledge of the design, development, operation, [and] U.S. financials . . . for the [accused] product," ECF No. 2-1 at 25, and a third-party prior art witness.

transfer motion.    App'x 281–82.    Under such circumstances, we cannot say the magistrate judge clearly erred. *See Magnolia Island Plantation, L.L.C. v. Whittington*, 29 F.4th 246, 251–52 (5th Cir. 2022) (noting that a district court is not required to address an issue raised first in a reply).  Finally, we are not prepared to say that the local interest in having localized interests decided at home factor is entitled to significant weight here, given neither district has any meaningful connection to the events giving rise to the invention or the design or development of the accused product.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

July 15, 2026                                    Jarrett B. Perlow
Date                                                Clerk of Court